**Jerry MOLIN, Plaintiff–Appellant,**

v.

**Alan Robert SHAPIRO, Permafiber Corp., a/k/a Permalin Products Co., Defendants–Appellees.**

No. 03–7045.

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Gerald Jay Resnick, Deutsch Resnick, Hackensack, New Jersey, for Plaintiff–Appellant.

Richard L. Hartz, Littler Mendelson, P.C., New York, New York (Michael P. Pappas, on the brief), for Defendants–Appellees.

PRESENT: WINTER, CALABRESI, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Jerry Molin filed a complaint in federal district court alleging that his former employer, Permafiber Corporation, and its president, Alan Shapiro, discriminated against him in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, the New York Human Rights Law, N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law, NYC Admin. Code § 8–107 *et seq.* Molin served as Permafiber's controller and chief financial officer from January 1990 until his termination in October 2000. He claims that the defendants subjected him to a hostile working environment and that they eventually fired him because of his age.[1] The district court granted the defendants' motion for summary judgment on both claims, and Molin appeals.

Assuming arguendo that Molin successfully established a prima facie case by demonstrating that he was over 40 years of age, was qualified for his position, and was replaced by a younger person, the burden of explaining his termination shifted to the employer. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Permafiber met that burden by offering an explanation that in itself would suffice to support the plaintiff's firing. According to defendants, Molin fell behind on key responsibilities in the months leading up to his termination, including the preparation of financial statements and account reconciliations. The defendants also contend that Molin's turbulent relationships with several of his co-workers caused needless strife among different departments within the company.

The plaintiff introduced some comments into evidence which, he claims, show that the defendant's explanation was pretextual. These remarks–the strongest of which was Shapiro's alleged statement that he "ha[d] to pay younger people more because they are the future of the company and [Molin was] not"–are susceptible to various interpretations. None are directly indicative of a discriminatory motive for Molin's termination. But even assuming arguendo that the remarks were sufficient to create a genuine issue of fact as to whether the defendants' explanation was pretextual, they do not, together with the evidence used to establish the prima facie case, suffice to allow a jury to find that Molin has met the ultimate burden of showing that, more probably than not, he was a victim of discrimination. *See James v. New York Racing Ass'n, Inc.,* 233 F.3d 149, 154 (2d Cir.2000). Nor does the plaintiff present any evidence to suggest that he was subjected to the kind of frequent, severe, pervasive, or threatening harassment that would constitute a hostile working environment on the basis of age. *See Brennan v. Metropolitan Opera Ass'n, Inc.,* 192 F.3d 310, 318 (2d Cir.1999).

We have considered all of the appellant's arguments and find them to be without merit. Accordingly, we AFFIRM.

---

1. Molin was 66 at the time of his termination, and was replaced by a 57–year–old male.